E. B. Eogg, special J.,
delivered tlie opinion of tbe ■court.
This was a bill in equity, filed by A. C. White in July, 1849, to enjoin a judgment obtained by Terry II. Cahal, at the April Term, 1849, of the Giles county circuit court, in an action for libel and slander; wherein the jury rendered a verdict for twelve thousand five hundred dollars. In the month of May, 1851, a supplemental bill was filed to reinstate the injunction. The cause had been submitted to a jury at August Term, 1848, and the jury, not agreeing, a mis-trial was ordered; at' December Term, 1848, the cause was continued upon affidavit of the complainant, on account of the absence of Graves, a material witness, as was alleged, by whom it could be proved, there was no publication of the libel. The causes of equitable jurisdiction, as stated in the bill, are, that the complainant was taken by surprise in the trial at law, in April, 1849, as Judge Dillahunty, who continued the cause in December, 1848, had stated from the bench that he would not try the cause; and that White, hearing that Judge Dillahunty would hold the court in April, supposed, as a matter of course, that the cause would not be tried, and left home several days before the sitting of the court, and made no preparation for the trial, and the cause remained undefended. The counsel who appeared for White, not being employed by him, but by his brothers, in his absence, and without his authority.
The bill further states, that he never published the libel, and that he was prevented from having his evi- *552 dcnco at tlie trial, from the belief that the cause would not be tried by Judge Dillahunty, owing to his declaration from the bench; and that there was an agreement with the counsel for the plaintiff, that tho bill of exceptions might be made out at any time before the setting of the supreme court. There is no allegation of any fraud, on the part of the plaintiff at law.
The allegations of the bill as to the surprise; the declaration of the presiding judge, &c.; the agreement of counsel; are denied in the answer, and the p>roof sustains the answer. There was no demurrer to the bill. Ever since the decision of the case in 1 Schoale & Le-froy, 205-6, the principles regulating the jurisdiction of courts of equity, in interfering with verdicts and judgments at law, have been well settled. Lord Bedes-dale, in that case, said: “ The inattention of parties in a court of law can scarcely be made a subject for the interference of court of equity. Diere may be cases cognizable at law, and also in equity, and of which cognizance cannot be effectually taken at law; and therefore, equity does sometimes interfere, as in cases of complicated accounts, where the party has not made defense, because it was impossible for him to do it effectually at law. So where a verdict has been obtained by fraud, or where a party has possessed himself improperly, of something, by' means of which, he has an unconscien-tious advantage at law, which equity will either put out of the way or restrain him from using. But without circumstances of this kind, I do not know that equity ever does interfere to grant a new trial of a matter which has already been discussed in a court of law, a matter capable of being discussed there, and over which the court- of law had full jurisdiction. A *553 bill for a new trial is watclied by equity with extreme jealousy. It must see that injustice bas been done, not merely through the inattention of the parties, but some such reasons as here I have mentioned, must exist.”
This doctrine has been often sanctioned by the supreme court of Tennessee. In the case of Brandon vs. Green, 7 Humph., 130, the court say, “when a party who is sued at law, has an unembarrassed defense, he cannot be heard in equity, unless he is prevented from making his defense at law by accident or fraud, or the fault of the other party unmixed with fault or negligence on his part.” This principle is adopted to prevent the court of chancery becoming a forum for the releasing of eases which have been tried at law. It is not hereby denied, that a complainant has a right, but it is determined that he has lost his remedy by his negligence in omitting to make his defense at law.
In the present case, the suit at law was exclusively of legal jurisdiction; a question of damages in an action for libel and defamation. ' There is no pretence there was any fraud or concealment by the plaintiff at law, and a court of chancery has no jurisdiction to interfere according to the case as made in the bill; much less, where the proof is so conclusive, and where the answer is fully supported.
The bill must be dismissed, the injunction dissolved, and the costs he paid by complainant.
The decree is, in all things, affirmed.